UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN LEWIS, :<br>:<br>           Plaintiff :<br>: No. 1:13-cv-00615-RMB-JS<br>     v. :<br>: Motion Returnable March 18, 2013<br>WILLS EYE SURGERY CENTER, :<br>:<br>           Defendant. :<br>: | |

_____

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S PRO SE COMPLAINT.**
_____

GARY D. FRY
Attorney for Defendant
Wills Eye Surgery Center

**OF COUNSEL:**
ARCHER & GREINER, P.C.
One Centennial Square
33 East Euclid Avenue
Haddonfield, New Jersey 08033
(856) 795-2121

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND ................................................................................1

III.  ARGUMENT .........................................................................................................1

        A.    Standard Of Review ...................................................................................1

        B.    As Plaintiff's Complaint Pleads Virtually No Factual Matter Setting Forth Her Claim For Relief, The Complaint Must Be Dismissed. ..................................2

IV.  CONCLUSION .....................................................................................................4

## **TABLE OF AUTHORITIES**

**CASES**

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) .................................2

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............2

Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126 (3d Cir. 2004) ............................2

Caldwell v. CVS Corp., 443 F.Supp. 2d 634 (D.N.J. 2006) .........................................................2

Carr v. Sharp, 454 F.2d 271 (3d Cir. 1971).................................................................................4

Doe v. Delie, 257 F.3d 309 (3d Cir. 2001)...................................................................................2

El Ameen Bey v. Stumpf, 825 F.Supp. 2d 537 (D.N.J. 2011) ......................................................3

Fowler v. UPMC Shadyside, 578 F.3d 203 (3rd Cir. 2009)..........................................................2

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997).....................................2

Johnson v. Paparozzi, 219 F.Supp. 2d 635 (D.N.J. 2002)............................................................2

Metsopulos v. Runyon, 918 F.Supp. 851 (D.N.J. 1996) ...............................................................3

Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997) .................................................2

Smith v. Social Security Administration, 54 F.Supp. 2d 451 (E.D.Pa. 1999)...............................3

Taha v. Immigration and Naturalization Service, 828 F.Supp. 362 (E.D.Pa. 1993) ......................3

**RULES**

Rule 8(a)(2), F.R.C.P. ................................................................................................................2

Rule 12(b)(6), F.R.C.P. ..............................................................................................................1

**I.     INTRODUCTION.**

It is incumbent upon even a pro se plaintiff to provide sufficient factual content in her complaint to state a claim. As plaintiff here has failed to do so, defendant has filed a Motion to Dismiss.

**II.    FACTUAL BACKGROUND.**

Plaintiff, Dawn Lewis, has filed a pro se Complaint against her former employer, Wills Eye Surgery Center ("Wills"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964.[1]

Plaintiff alleges, in wholly conclusory fashion, that she was employed by Wills in Cherry Hill, New Jersey, was terminated from her employment due to her race and that the "discriminatory acts occurred" on January 13, 2010. [Complaint, ¶¶ 3-5; 9-10.] She further alleges that she filed a charge of discrimination with the New Jersey Division of Civil Rights on October 18, 2010 [id., ¶ 6], and that she received a Notice-Of-Right-To-Sue letter from the Equal Employment Opportunity Commission ("EEOC") on November 3, 2012. [Id. ¶ 8.]

These are the sole facts alleged. Plaintiff failed to attach a copy of any EEOC charge "as a brief statement of the facts of [her] claim" [Complaint, ¶ 11][2], nor does she otherwise provide any substantive facts or explanation (however cursory) setting forth the basis of her claim. [Id., ¶¶ 9-10.]

**III.   ARGUMENT.**

    **A.     Standard Of Review.**

The Court, pursuant to Rule 12(b)(6), F.R.C.P., may dismiss a complaint for "failure to

---

[1] Plaintiff used a form of discrimination complaint ("EEOC Complaint") available on this Court's official website.

[2] Plaintiff's failure in this regard is particularly prejudicial since she filed multiple charges against Wills with the EEOC.

-1-

state a claim upon which relief can be granted." On a motion to dismiss, the Court generally must accept as true all of the <u>factual</u> allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff. <u>Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.</u>, 394 F.3d 126, 134 (3d Cir. 2004); <u>Doe v. Delie</u>, 257 F.3d 309, 313 (3d Cir. 2001). However, the Court need not credit bald assertions or legal conclusions. <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30 (3d Cir. 1997); <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). A well-pleaded complaint must contain more than mere labels and conclusions. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The former "no set of facts" pleading standard has been abolished and a plaintiff is no longer able to just set forth "threadbare recitals of the elements of a cause of action to defeat a motion to dismiss." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3rd Cir. 2009). "The Court need not … lend credit to a <u>pro se</u> plaintiff's 'bald assertions' or 'legal conclusions'." <u>Johnson v. Paparozzi</u>, 219 F.Supp. 2d 635, 639 (D.N.J. 2002) (citing <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997)).

  **B. As Plaintiff's Complaint Pleads No Factual Matter Setting Forth Her Claim For Relief, The Complaint Must Be Dismissed.**

Rule 8(a)(2), F.R.C.P., provides that a complaint "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief…." This most basic of pleading rules is applicable to <u>pro se</u> plaintiffs. <u>Caldwell v. CVS Corp.</u>, 443 F.Supp. 2d 634, 658 (D.N.J. 2006) ("Plaintiff's Complaint … fails to meet even the lenient pleading standard required by Fed.R.Civ.P. 8 for a <u>pro se</u> plaintiff."). "A primary purpose of Rule 8 is to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'." <u>Id.</u> (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957).

Although a <u>pro se</u> plaintiff's complaint is to be construed liberally, the pleading must

nevertheless set forth <u>facts</u> which, taken as true, state a claim:

> "In determining the sufficiency of a pro se complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. [Citations omitted.] However, any civil complaint must conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure. The Rules require that the complaint … set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief'." <u>El Ameen Bey v. Stumpf</u>, 825 F.Supp. 2d 537, 557 (D.N.J. 2011).

<u>See</u> <u>also</u> <u>Metsopulos v. Runyon</u>, 918 F.Supp. 851, 857 (D.N.J. 1996) ("The Court recognizes its obligation to construe liberally <u>pro</u> <u>se</u> submissions to ensure that rules of pleading … do not subvert a litigant's opportunity for judicial remediation of wrongful conduct. [Citation omitted.] But a forgiving interpretation does not render immune from dismissal or summary judgment claims that lack procedural or factual viability."); <u>Taha v. Immigration and Naturalization Service</u>, 828 F.Supp. 362, 364 (E.D.Pa. 1993) ("As a <u>pro</u> <u>se</u> litigant, plaintiff is entitled to liberal construction of her complaint. [Citation omitted.] Notwithstanding plaintiff's <u>pro</u> <u>se</u> status, however, the complaint must nevertheless set forth facts which, taken as true, state a claim as a matter of law."); <u>Smith v. Social Security Administration</u>, 54 F.Supp. 2d 451, 454 (E.D.Pa. 1999) ("We are mindful that the pro se plaintiff's pleading must be construed liberally by the Court, as pro se plaintiffs are not held to as high a standard as litigants with representation. [Citation omitted.] However, a pro se plaintiff filing a complaint must still plead the essential elements of his claim and is not excused from conforming to the standard rules of civil procedure.").

Here, plaintiff provides no <u>facts</u> which, taken as true, state a claim, much less for race discrimination. The conclusory statements – via "checking the box" – that "the acts complained" of by plaintiff "concern" the "termination of [her] employment," which was "discriminatory with respect to" her "race," are not "facts" sufficient to state a claim. [Complaint, ¶¶ 9-10.] As

3

plaintiff provides no statement, however brief, of the facts of her claim, the Complaint must be dismissed.  See Carr v. Sharp, 454 F.2d 271 (3d Cir. 1971) (pro se complaint dismissed; "[t]he civil right [sic] allegations are unsupported by any substantial facts.  The conclusory complaint was properly dismissed by the District Court for failure to state a claim for which relief can be granted.")

IV.  **CONCLUSION.**

For all the foregoing reasons, defendant, Wills Eye Surgery Center, requests that the Court grant this Motion and dismiss the Complaint.

*/s/ Gary D. Fry*
Gary D. Fry
**OF COUNSEL:**   Attorney for Defendant, Wills Eye
Archer & Greiner, P.C.   Surgery Center
One Centennial Square
33 East Euclid Avenue
Haddonfield, New Jersey 08033
Phone:  (856) 795-2121
Fax:  (856) 795-0574

9403049v1

4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN LEWIS, | : |
| Plaintiff | : |
| v. | : No. 1:13-cv-00615-RMB-JS |
| WILLS EYE SURGERY CENTER, | : |
| Defendant. | : |

**CERTIFICATION OF SERVICE.**

I, GARY D. FRY, certify that copies of the foregoing Notice of Motion, supporting Memorandum of Law and proposed Order were served by United States first-class mail on February 20, 2013 upon:

> Dawn Lewis
> 5249 Homestead Avenue
> Pennsauken, NJ 08109

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Gary D. Fry
　　　　　　　　　　　　　　　　　　　　　　　　GARY D. FRY
**OF COUNSEL:**　　　　　　　　　　　　　　Attorney for Defendant
ARCHER & GREINER, P.C.　　　　　　　　　　Wills Eye Surgery Center
One Centennial Square
33 East Euclid Avenue
Haddonfield, New Jersey 08033
(856) 795-2121

9430778v1