```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


DAWN LEWIS,                         :
                                    :Civil Action No.  13-615(RMB/JS)
            Plaintiff,              :
                                    :
       v.                           : MEMORANDUM OPINION AND ORDER
                                    :
WILLS EYE SURGERY CENTER,           :
                                    :
            Defendant.              :
```

**BUMB, United States District Judge:**

This matter comes before the Court upon Defendant Wills Eye Surgery Center's ("Defendant" or "Wills Eye") Motion to Dismiss the Amended Complaint ("AC")[Docket No. 7]. For the following reasons, the Motion is GRANTED, in part, and DENIED, in part.

**A. Amended Complaint**

Plaintiff Dawn Lewis is an African American female. AC at ¶8. She became employed at Wills Eye in 2008 as a Surgical Technician. On March 17, 2008, Lewis reported to Joanne Ivans, Operating Supervisor, that Lisa Proctor was subjecting her to harassment. Lewis alleges that no action was taken and the "harassment" continued through the remainder of Lewis' employment. AC at ¶15-17. Plaintiff does not describe the harassment.

On January 13, 2010, Victoria Kurtz, a registered nurse allegedly made an offensive, racial comment to Lewis: "Hurricane

1

Katrina and the earthquakes in Haiti are examples of God cleaning the earth because most of the people were black." AC at ¶18. Kurtz allegedly repeated this comment throughout the day to co-workers. Id. Lewis reported this incident to Ivans and Debbie O'Donnell, Nurse Manager. According to Plaintiff, Kurtz was not disciplined. Id.

Plaintiff alleges she suffered further harassment and retaliation as a result of her "internal complaints in opposition to discrimination and harassment." AC at ¶21. She alleges (1) she received a negative annual performance evaluation on April 7, 2010; (2) she was told by Ivans and O'Donnell that the below average ratings were due to the incident involving Kurtz; and (3) as a result, she did not receive a pending pay increase. AC at ¶21.

On April 19, 2010, Plaintiff was out of work for neck surgery on disability leave. AC at ¶22. Plaintiff returned to work on August 5, 2010. According to her Complaint, on September 22, 2010, Lewis was "so overwhelmed with the continuing harassment and retaliation" that she told Cindi Ferrano of Personnel Management about the negative way in which she was being treated. AC at ¶¶25-26. Notably, the Amended Complaint is devoid of any facts detailing the "continuing harassment and retaliation." On October 1, 2010, Plaintiff alleges she mailed Mr. Joseph Bilson, Executive Director of Wills Eye, and Ferrano a letter regarding the harassment,

2

Case 1:13-cv-00615-RMB-JS   Document 11   Filed 10/10/13   Page 3 of 10 PageID: 143

discrimination and retaliation. AC at ¶27. On October 6, 2010, she met with Ferrano and Yvonne Bley, Nurse Management of Surgical Network, during which she explained her letters to Ferrano and Bley. AC at ¶28. The Amended Complaint does not set forth the contents of those letters.

On October 13, 2010, Plaintiff Lewis again met with Ferrano who suggested to Plaintiff that "she move on with her life." AC at ¶29. On October 21, 2010, Plaintiff alleges she was disciplined for taking part in a conversation in which a homosexual coworker misunderstood and took offense to; the other four participants in the conversation, "none of whom had opposed discrimination, harassment or retaliation," were allegedly not disciplined or counseled. AC at ¶30.

On November 22, 2010, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). AC at ¶31. Plaintiff alleges that following the filing of her charge, the harassment and retaliation directed towards her increased. She alleges, in particular, she was written up for allegedly reading a magazine while in a meeting, while two workers who were sleeping during the meeting were not similarly disciplined. AC at ¶32.

Plaintiff filed a second charge with the EEOC on February 3, 2011. AC at ¶33. As alleged by Plaintiff, the negative treatment

continued through 2011, and in approximately 2011, Lewis asked one of the doctors why she was being treated so poorly. The doctor responded, "How are we supposed to treat you when you are suing us?" or words to that effect. AC at ¶34.

On November 1, 2012, the EEOC issued notices of right to sue letters to Plaintiff regarding her two pending charges and mailed them to Lewis. AC at ¶36. Plaintiff alleges that, "upon information and belief," Defendant received copies of the letters the same day via email. AC at ¶37. On November 2, 2012, in what Plaintiff alleges was a further act of retaliation, Wills terminated Plaintiff's employment, claiming that she was being laid off pursuant to a reduction in work force. AC at ¶38.

### B. STANDARD OF REVIEW ON MOTION TO DISMISS

Defendant Wills Eye now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." Id. at 663. "[A]n unadorned, the-defendant-unlawfully harmed-me accusation" does not suffice to survive a motion to dismiss. Id., 566 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352 n.1 (3d Cir. 2012).

## C. ANALYSIS

### 1. Count 3 (Title VII)

Defendant Wills Eye first moves to dismiss the Title VII claim on the grounds that Plaintiff failed to exhaust her administrative remedies with the EEOC.  Plaintiff responds, in her opposition brief, that she is not seeking damages under Title VII for her termination, but for adverse acts of harassment, discrimination and retaliation before November 1, 2012 [Docket No. 8, page 7].  The law is well-settled, however, that a party cannot amend a complaint through a brief.  On this basis alone, Count 3 is dismissed because,

as constituted, it asserts claims for damages relating to Plaintiff's termination in November 2012.  (See Complt. at ¶61).

### 2. Count II (Section 1981 Claim)

Defendant Wills Eye also moves to dismiss Count 2 of the Amended Complaint which alleges a claim for violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

#### a. Hostile Work Environment Claim

Although the Amended Complaint is unclear, Defendant Wills Eye interprets it to allege a hostile work environment claim under both § 1981, Title VII,[1] and New Jersey's Law Against Discrimination ("LAD").  To establish a hostile working environment claim against an employer, a plaintiff must prove: (1) the employee suffered intentional discrimination on the basis of race, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person who belonged to the same protected class, and (5) the existence of respondeat superior

---

[1]  A § 1981 employment discrimination claim is analyzed under the same framework as discrimination claims under Title VII of the Civil Rights Act of 1964.  Schurr v. Resorts Int'l Hotel Inc., 196 F.3d 486, 499 (3d Cir. 1999).  The same is true for claims brought under LAD.  Grigoletti v. Ortho Pharmaceuticals Corp., 188 N.J. 89 (1990). Because this Court has dismissed the Title VII claim on procedural grounds, see supra, it has not addressed the Title VII claim further. Suffice it to say, however, the Title VII, as well as the LAD claims (hostile work environment and discrimination) fail for the same reasons Plaintiff's section 1981 claim fails.

liability.  Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009).  The "*sine* qua non of a hostile work environment claim is a 'workplace . . . permeated with *discriminatory* intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]'"  McKinnon v. Gonzales, 642 F.Supp.2d 410, 421 (D.N.J. 2009)(quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)).

Defendant argues that Plaintiff does not allege facts sufficient to address any of the elements of a hostile work environment claim.  Instead, Plaintiff alleges in mere conclusory fashion throughout the Amended Complaint that she was subjected to "harassment."  The Court agrees there is no description of the harassment other than Kurtz' comment to her.  Plaintiff has failed to allege any specific facts regarding the alleged harassment.  Indeed, she has failed to allege the most basic facts involving the conditions that created a hostile work environment.  The Court finds therefore that Defendant's motion to dismiss a hostile work environment claim is granted.

b. **Intentional Discrimination Claim**

Again, although the Amended Complaint is unclear, Defendant interprets it to allege an intentional discrimination claim, i.e.,

that Wills Eye terminated Plaintiff because of her race. Defendant moves to dismiss this claim as well. To survive a motion to dismiss a claim for intentional discrimination, a plaintiff must allege some facts that demonstrate that race was the reason for the defendant's action. Mesumbe v. Howard University, 706 F.Supp.2d 86, 92 (D.D.C.), aff'd, 2010 U.S. App. LEXIS 21659 (D.C. Cir. 2010)("To plead intentional discrimination, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's action.")(citations omitted) Here, the Court agrees that Plaintiff has alleged no facts that race was the reason for the termination. Accordingly, this claim will be dismissed.

    c. **Retaliation Claim**

Finally, Wills Eye moves to dismiss Plaintiff's retaliation claim on the same ground, that the Amended Complaint does not specifically allege the protected activity, and to the extent it involves the Kurtz comment, the claim is time-barred. To establish a prima facie case of discriminatory retaliation, a plaintiff must demonstrate that: (1) she engaged in a protected activity known by the employer; (2) thereafter her employer unlawfully retaliated against her; and (3) her participation in the protected activity caused the retaliation.

The Court finds that the Complaint suffers from several flaws. First, even assuming that Plaintiff's opposition as to Kurtz' comment constitutes protected activity, Plaintiff has failed to allege specific facts beyond the two-year statute of limitations related to this claim.[2]  Moreover, to the extent the protected activity is the filing of the initial EEOC charge, Plaintiff has not alleged that Wills Eye was even aware of the filing with the EEOC.  Plaintiff has, however, sufficiently alleged a retaliation claim related to the second EEOC charge.  First, as alleged in paragraph 34, Defendant was aware of the charge because, according to Plaintiff, one of the doctors intimated that Wills Eye was treating her poorly because of her filing with the EEOC.  Second, Plaintiff alleges in paragraph 38 that Wills Eye terminated her the day after it received the EEOC's right to sue letters.  As such, at this stage Plaintiff has pled a causal connection between the filing of her second EEOC charge and termination.  This claim will be permitted to proceed.

Accordingly, for the reasons set forth above,

IT IS ON THIS **10th** day of **October** **2013**,

**ORDERED** that Count 1 (LAD claim) (discrimination and hostile work environment) is dismissed without prejudice; Count II (Title VII), is dismissed without prejudice; Count III

---

[2] Plaintiff does not dispute that two years is the applicable statute of limitations.

(1981)(discrimination and hostile work environment) is dismissed without prejudice and Plaintiff's retaliation claims based on conduct prior to the second EEOC filing are dismissed without prejudice; and it is further

**ORDERED** that Plaintiff shall have 30 days to file an Amended Complaint consistent with this MEMORANDUM OPINION and ORDER.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge
